UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBORAH DAVIS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 16-4263** |
| | * | |
| **AETNA LIFE INSURANCE COMPANY** | * | **SECTION "L" (5)** |
| | * | |

**ORDER & REASONS**

Pending before the Court is Defendants Aetna Life Insurance Company and Capital One Financial Corporation's ("Defendants") Motion for Summary Judgment. R. 22. Plaintiff, Deborah Davis, has submitted no opposition to the Defendants' Motion. For the following reasons, the unopposed motion is **GRANTED**.

**I. BACKGROUND**

This ERISA case stems from Defendants Aetna and Capital One's refusal to provide short and long-term benefits under the terms of Plaintiff's employee welfare plan. R. 1 at 1. Capital One was Plaintiff's employer, and Capital One provided a Benefits Program through Aetna Life Insurance Company. R. 1 at 2. On October 11, 2012, Plaintiff's husband, Jeffrey Davis, died after being pinned under a vehicle. R. 1 at 3. Plaintiff witnessed her husband's death. R. 1 at 3. Plaintiff alleges that witnessing her husband's death caused her to experience emotional distress, extreme grief, and insomnia. R. 1 at 3. Plaintiff began visiting Dr. Lora Langefels regarding these issues. R. 1 at 3.

On November 2, 2012, Plaintiff requested leave under the Family Medical Leave Act, Case No. 7121750, and Disability, Case No. 7131752. R. 1 at 3. On December 11, 2012, Plaintiff received correspondence indicating that her FMLA claim, Case No. 713750, was denied. Plaintiff alleges she has never received any decision regarding her disability claim. R. 1 at 3.

1

Plaintiff was ultimately terminated by Capital One on May 5, 2013, and has never received any disability compensation. R. 1 at 6. Plaintiff now seeks payment of short term and long term benefits under the terms of the Aetna plan. R. 1 at 7. Plaintiff also asserts that Defendants breached their fiduciary duties by arbitrarily and capriciously failing to pay her benefits. R. 1 at 7. Finally, Plaintiff seeks a Judgment declaring she is entitled to past and future long-term disability benefits under the terms of the Aetna plan. R. 1 at 7–8. Aetna and Capital One both timely filed Answers asserting that Plaintiff was not entitled to benefits under the Aetna plan, as well as the standard ERISA defenses. R. 8, 9.

## II. LAW AND ANALYSIS

An unopposed motion seeking summary judgment shall be entered "if appropriate." Fed. R. Civ. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To oppose a motion for summary judgment, the non-movant cannot rest on mere allegations or denials but must set forth specific facts showing that there is a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321–22 (1986). Where the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue

exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, summary judgment is proper. Plaintiff bears the burden of proving she was entitled to benefits under the terms of the Plan, and that the denial of benefits was arbitrary and capricious. *Dramse v. Delta Family-Care Disability & Survivorship Plan*, 269 F. App'x 470, 481 (5th Cir. 2008). Under the terms of the Plan, Plaintiff was only entitled to disability benefits after her disability was certified by the plan administrator. *See* R. 22-1 at 10; AR at 321. Despite multiple requests from the plan administrator, Plaintiff failed to submit any medical documentation indicating she suffered from a disability that would prevent her from completing any of her job responsibilities. *See* R. 22-1 at 11-12. The record demonstrates that Plaintiff, contrary to her allegations, did not ever file a claim for long term benefits. *See* R. 22, Ex. 1, Comar affidavit. Further, Plaintiff failed to exhaust her administrative remedies. Under the terms of the plan, she was required to appeal a decision denying benefits within 180 days. AR at 337, 386, 483-84. Plaintiff did not respond to the benefits denial until filing this lawsuit—nearly three years after the 180 day deadline expired. R. Doc. 22-1 at 13. Finally, Plaintiff has come forth with no evidence either to support her claim or rebut Defendants' arguments. As Plaintiff has not demonstrated a genuine issue of any material fact, the Court finds Defendant is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants Aetna Life Insurance Company and Capital One Financial Corporation's Motion for Summary Judgment, R. 22, is **GRANTED**.

New Orleans, Louisiana, this 18th day of January, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE